UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| TEAMSTERS LOCAL 456 PENSION, HEALTH & WELFARE, ANNUITY, EDUCATION & TRAINING, INDUSTRY ADVANCEMENT, AND LEGAL SERVICES FUNDS by Louis A. Picani, Joseph Sansone, Dominick Cassanelli, Jr., Saul Singer, Ross Pepe, and Jeffrey Isaacs as Trustees and fiduciaries of the Funds, and WESTCHESTER TEAMSTERS LOCAL UNION NO. 456, | **COMPLAINT** |
| Plaintiffs, | Civil Action No. |
| - against - | |
| DEL HEN. TRUCKING, INC., 843 Manida Street Bronx, New York 10474 | |
| Defendant. | |

---

Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the Defendant, respectfully allege as follows:

### I. JURISDICTION AND VENUE

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ["ERISA"] [29 U.S.C. §§1001 *et seq*.]. It is an action by fiduciaries of employee benefit plans for monetary and injunctive relief to redress violations of ERISA Sections 515 and 502(g)(2) [29 U.S.C. §§1145, 1132(g)(2)].

2. Jurisdiction is conferred on this Court by ERISA Section 502(a), (e) and (g)(2) [29 U.S.C. §1132(a), (e), and (g)(2)], without respect to the amount in controversy or the citizenship of the parties, as provided in ERISA Section 502(f) [29 U.S.C. §1132(f)].

3. Venue is established in this Court by ERISA Section 502(e)(2) [29 U.S.C. §1132(e)(2)]. It is an action brought in the judicial district where the plans are administered and where the ERISA violations took place.

4. This is also an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended ["LMRA"] [29 U.S.C. §185(a)]. It is a suit for, among other things, violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the LMRA [29 U.S.C. §141 *et seq.*].

5. Jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to LMRA Section 301(a) [29 U.S.C. §185(a)], and pursuant to the laws of the United States of America [28 U.S.C. §1337].

## II. DESCRIPTION OF THE PARTIES

6. Plaintiffs Louis A. Picani, Joseph Sansone, Dominick Cassanelli, Jr., Saul Singer, Ross Pepe, and Jeffrey Isaacs are Trustees and fiduciaries of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, Industry Advancement, and Legal Services Funds ["Funds"] as defined in ERISA Section 3(14)(A) [29 U.S.C. §1002(14)(A)].

7. The Funds are "employee benefit plans," "multiemployer plans," and/or "industry advancement programs" within the meaning of ERISA Sections 3(3) and (37)(A) [29 U.S.C. §§1002(3), (37)] and LMRA Sections 302(c)(5) and (9) [29 U.S.C. §186(c)(5) and (9)]. The Funds are established through collective bargaining agreements, and they are administered within the Southern District of New York at 160 South Central Avenue, Elmsford, New York 10523 in Westchester County, New York.

8. The Funds are jointly administered by Boards of Trustees, comprised of an equal

number of labor and management representatives in accordance with LMRA Section 302(c)(5) [29 U.S.C. 186(c)(5)].

9. Plaintiff Local 456, International Brotherhood of Teamsters also known as Westchester Teamsters Local Union No. 456 ["Local 456" or "Union"] is an unincorporated association maintaining its principal offices within the Southern District of New York at 160 South Central Avenue, Elmsford, New York 10523 in Westchester County, New York. The Union is a labor organization in an industry effecting commerce within the meaning of the LMRA Section 301(a) [29 U.S.C. §185(a)].

10. Upon information and belief, Del Hen. Trucking, Inc. ["Company"] is a domestic business incorporated under the laws of the State of New York, having its principal place of business and offices located at 843 Manida Street, Bronx, New York 10474.

11. Defendant Company is an employer in an industry affecting commerce all as defined in ERISA Sections 3(5), (11) and (12) [29 U.S.C. §1002(5), (11) and (12)]. The Defendant is also an employer of employees covered by employee benefit plans and multiemployer plans maintained pursuant to collective bargaining agreements, all as defined in ERISA Section 3(3) and (37) [29 U.S.C. §1002(3) and (37)], and the Defendant is obligated to make contributions to the Funds in accordance with ERISA Section 515 [29 U.S.C. §1145].

12. The Defendant Company is an employer in an industry affecting commerce within the meaning of the LMRA Section 301(a) [29 U.S.C. §185(a)].

### III. FIRST CAUSE OF ACTION

13. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "12" inclusive of this Complaint as if fully set forth herein.

14. ERISA Section 515 [29 U.S.C. §1145] provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

15. At all times relevant herein, Defendant Company is party to one or more collective bargaining agreements with Local 456 ["Agreements"].

16. Pursuant to the Agreements, Defendant Company is bound by the terms and conditions, rules and regulations of the Agreements and Declarations of Trust of the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, Industry Advancement, and Legal Services Funds together with the Funds' Policy for Collection of Delinquent Contributions ["Trusts" and "Collections Policy"].

17. The Agreements and Trusts obligate Defendant Company to make contributions to multiemployer plans.

18. The Agreements further obligate the Defendant Company to deduct from each of its employees' wages specified amounts and pay these amounts to the Union, representing Union dues deductions and other monies.

19. In addition to the above and pursuant to the Agreements, the Trusts, and the Collections Policy together with ERISA Sections 515 and 502(g)(2) [29 U.S.C. §§1145; 1132(g)(2)] and LMRA Section 301 [29 U.S.C. §185(a)], in the event the Defendant Company fails to timely remit contributions and deductions, the Company becomes liable not only for the amount of contributions and deductions due, but also for the following: (1) interest on the unpaid and untimely paid Funds contributions, at the rate of ten percent (10%) per annum; (2) liquidated damages equal to ten percent (10%) of those delinquent contributions; and (3) the attorneys' fees, audit fees, and the costs of collection.

20. The Agreements and Trusts obligate the Defendant Company to remit the contributions by the first (1st) day of the month following the month during which the hours were worked by employees.

21. Based on estimates from the shop steward, the Defendant Company owes $9,890.64 in fringe benefit contributions and deductions for hours worked by the Defendant's employees during the period August 1, 2017 through January 31, 2018.

22. The Defendant Company has failed and refused, and continues to fail and refuse, to pay the contributions and deductions due for the period August 1, 2017 through January 31, 2018, plus the applicable interest, liquidated damages, attorneys' fees, audit fees, and costs.

23. The Defendant Company, therefore, owes $9,890.64 in fringe benefit contributions and deductions for hours worked by the Defendant's employees during the period August 1, 2017 through January 31, 2018, plus interest, liquidated damages, attorneys' fees, audit fees, and costs at the rates set forth in the Collections Policy.

### IV. SECOND CAUSE OF ACTION

24. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "23" inclusive of this Complaint as if set forth fully herein.

25. If this Court does not enjoin Defendant Company from further violations of ERISA, LMRA, the Agreements, Trusts, and Collections Policy, Plaintiff Funds will be further damaged as a result thereof in ways and amounts which cannot be accurately measured in terms of money, either as to extent or amount.

26. Defendant Company has failed to comply with its obligations to the Plaintiff Funds, despite due demand for compliance, and unless this Court enjoins Defendant Company from

violating ERISA, LMRA, the Agreements, Trusts, and Collections Policy, Defendant Company will continue to fail to timely remit contributions, deductions, and monthly remittance reports described above, causing Plaintiff Funds and the beneficiaries of the Funds to incur additional serious and irreparable harm by further burdening and obstructing the administration and operation of the Funds and endangering the payment of promised benefits from the Funds to qualified beneficiaries.

27.    Defendant Company's failure to comply with its obligations to the Funds has reduced the corpus and income of the Funds thereby jeopardizing the stability and soundness of the Funds as well as the ability to pay benefits.

28.    Defendant Company's failure to comply with its obligations to the Funds may cause sufficient instability to the Funds' financial affairs such that participant benefits may be reduced or terminated.

29.    Because Defendant Company continues to fail to comply with its obligations to the Funds, new delinquencies are now being created monthly, again depriving the Funds of adequate monies to pay promised benefits which in turn could cause the foregoing irreparable harm to be intensified in magnitude.

30.    Based on the foregoing instances of serious, substantial, and irreparable injury and damage, a mere money judgment is an inadequate remedy at law.

31.    Unless this Court enjoins Defendant Company from breaching ERISA, LMRA, the Agreements, Trusts, and Collections Policy and unless Defendant Company is compelled to remit all monies and reports that become due or are determined to be due to Plaintiffs whether arising before or after commencement of the action, greater injury will be inflicted upon the Funds, their Trustees, participants and beneficiaries, by denial of relief than could possibly be inflicted upon

Defendant by granting such relief.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendant Del Hen. Trucking, Inc. as follows:

A.  On Plaintiffs' First Cause of Action, judgment against the Defendant Company for $9,890.64 in fringe benefit contributions and deductions for hours worked by the Defendant's employees during the period August 1, 2017 through January 31, 2018, plus interest, liquidated damages, attorneys' fees, audit fees, and costs at the rates set forth in the Collections Policy.

B.  On Plaintiffs' Second Cause of Action, judgment against the Defendant Company as follows:

    (i)    Judgment for any and all additional contributions and deductions that become due following commencement of the action or are determined to be due whether arising before or after commencement of the action, plus the applicable interest and liquidated damages as set forth herein;

    (ii)    A permanent injunction preventing and restraining the Defendant from breaching the Agreements and Declarations of Trust, and the collective bargaining agreement by which it is bound; and

    (iii)    A permanent injunction directing the Defendant Company to perform and continue to perform its obligations to the Plaintiffs, specifically, directing it to timely furnish the required monthly remittance reports and payments to Plaintiffs, and to provide the Plaintiffs, upon demand and at Defendant's expense, access to its books and records for an audit and examination relating to the employment of its employees, including but not limited to weekly payroll reports, payroll journals and quarterly employer reports for various federal and state agencies.

D.      Such further relief as the Court deems just and appropriate.

DATED: March 7, 2018                           **BLITMAN & KING LLP**

                                        By:   _/s/ Daniel Kornfeld_
                                               Daniel Kornfeld, of counsel
                                               Attorneys for Plaintiffs
                                               Office and Post Office Address
                                               One Penn Plaza, Suite 2601
                                               New York, NY 10119-2699
                                               Telephone: (212) 643-2672
                                               Facsimile: (315) 471-2623
                                               e-mail: dekornfeld@bklawyers.com